JOHN DOE *ex dem.*, G. H. O'BANNON et al., plaintiffs in error, vs. RICHARD ROE, cas. ejector, and WILLIAM E. PAREMOUR, tenant in possession, defendant in error.

[1.] A power of attorney for the conveyance of land in this State, executed in another State, when the subscribing witness is not produced in Court, nor examined by interrogatories, must be proved as required by the Act of 1785.

[2.] A Georgia Commissioner, resident in another State, has no power to certi-

fy to the official character of a person who holds his office under the authori-
ty of that State.

[3.] A person having no title, conveying land by deed with warranty, and sub-
sequently acquiring title, cannot recover the land from his feoffee.

Ejectment, from Stewart county.   Tried before Judge KID-
DOO.   June, 1857.

The plaintiffs in error in this case, brought an action of
ejectment in the Superior Court of Stewart county, against
W. E. Paremour, tenant in possession, to recover possession
of lot of land No. 239, in the 22d district of Stewart county.
At the trial of this action the plaintiffs offered in evidence a
power of attorney executed in Montgomery county, Texas,
whereby Green H. O'Bannon appointed James R. Butts, his
agent and attorney, to sell and convey the lot of land in ques-
tion.

Defendant's counsel objected to the introduction of this
power of attorney, which objection was sustained by the
Court, and the power of attorney rejected.   To this decision
the plaintiffs excepted.

The specific grounds on which the objection to the admis-
sion of this power of attorney was founded, were not stated
in the bill of exceptions.   It appeared that the power of at-
torney was executed in Montgomery county, Texas, and at-
tested by a Justice of the Peace for the county of Montgom-
ery, (whose certificate was produced) and also by another
witness, and the execution acknowledged before Charles B.
Stewart, a Notary Public for the same county; but no affida-
vit of the attesting witnesses was produced, nor the certificate
of the person authorized to take such affidavit, stating the
addition and place of abode of the parties making it, as re-
quired by the 4th section of the Act of 1785, regulating the
admission, as evidence in the Courts of Georgia, of powers of
attorney executed in other States.

Defendant offered in evidence a deed from Green H. O'Ban-
non, to one Jarrett, of the lot of land in dispute, dated the

15th of November, 1833. To the introduction of this deed, as a conveyance of title, plaintiffs objected, on the ground that it was executed prior to the issuing of the plat and grant (which was dated the 23d day of December, 1837.) This objection the Court overruled, deciding that the issuing of the grant after the execution of the deed to Jarrett, (and O'Bannon not having, in the meantime, or since the issuing of the grant, deeded the land to any other person) enured to the benefit of Jarrett, and that O'Bannon was estopped by his deed with warranty to Jarrett, and could not dispute his title. To this decision the plaintiff excepted.

Plaintiff then offered in evidence the certificate of R. D. Johnson, to prove that Charles B. Stewart was a notary public. To the admission of this evidence the defendant objected, and the Court sustaining the objection, the plaintiff excepted.

By the consent of the parties, an order was taken dismissing the case; the same right of excepting and carrying the case to the Supreme Court being reserved to the plaintiff as if there had been a verdict for the defendant.

The plaintiff filed his bill of exceptions, alleging that the Court erred,

1st. In rejecting said power of attorney from Green H. O'Bannon to James R. Butts, and not allowing the same to go in evidence to the jury.

2d. That the Court erred in deciding that the deed from O'Bannon to Jarrett estopped him from denying the title of Jarrett to the land, and that the issuing of the grant after the execution of said deed enured to the benefit of said Jarrett, and vested a perfect title in said Jarrett.

The following note, made by the Judge of the Superior Court, appeared on the record opposite the 2d ground of exception:

"The Court did not hold that it vested a *perfect title*, but that it was good against Bannon.        D. K., J. S. C."

3d. That the Court erred in rejecting the certificate of R. D. Johnson, and not allowing the same to go in evidence to the jury.

TUCKER & BEALL, for plaintiff in error.

B. S. WORRILL; and W. S. JOHNSON, for defendants in error.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] The first assignment of error is on the decision of the Court rejecting the power of attorney executed by O'Bannon, in Texas, to James R. Butts, to convey the tract of land sued for. The land lies in this State. The power of attorney was attested by J. S. Thomason, and P. H. Spiller, a Justice of the Peace, of Montgomery county, Texas, and acknowledged before Charles B. Stewart, of the same county and State.

Appleton Gay, as Clerk of the County Court of the same county and State, certified to the official character of Spiller and Stewart respectively. But for our own legislation, the power of attorney in this case would, perhaps, be sufficiently proven. The official attestation alone of a Justice of the Peace or Notary Public of another, or a foreign State, without an affidavit, it seems to us, was not intended by our legislature, to be a sufficient authentication of a conveyance of title to land, or of a power of attorney under which a conveyance was made, to give it full force and effect. The act of 1785, prescribes the manner in which letters of attorney or other powers in writing executed in either of the United States shall be authenticated to be used as evidence in one of the Courts in this State. There must be proof of execution by one or more of the witnesses thereunto, by affidavit, or solemn affirmation in writing, before any Governor, Chief Justice, Mayor, or other Justice, and certified and transmitted under

the common or public seal of the State, Court, city or place where the instrument is executed. The affidavit or affirmation must express the addition of the person making the affidavit or affirmation, and the particular place of his abode. *Cobb*, 165. This mode of authentication must be followed, when the subscribing witness is not examined in Court, or by interrogatories, when the opposite party will have the power of cross examination.

[2.] The certificate of Robert D. Johnson, the Georgia commissioner, as to the official character of the notary public in Texas, was inadmissible. He has no authority to make such certificates. A functionary of Georgia has no power to certify to the official character of a person who holds his appointment under another State.

[3.] The Court committed no error in admitting the deed from O'Bannon to Jarrett. It was a deed with warranty, and the only evidence before the jury was the grant in support of the demise from O'Bannon, and if O'Bannon were to recover under his demise, he would be immediately liable to an action for breach of warranty. This Court has already decided, that to prevent this circuity of action, he must be held to be estopped by his deed.

Judgment affirmed.